**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0142n.06
Filed: February 18, 2009

**No. 07-5011**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| SHONTADONTA BROOKS, | ) ) | WESTERN DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) ) | |

Before: CLAY, SUTTON and McKEAGUE, Circuit Judges.

SUTTON, Circuit Judge. Shontadonta Brooks pleaded guilty to possessing a shotgun while a felon and now appeals the resulting 120-month sentence. Because the district court permissibly increased the length of his sentence after finding that he had used the gun to kidnap and rape a woman, we affirm.

I.

A federal grand jury indicted Brooks on two counts arising from an assault on July 24, 2004: being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g), and possessing an unregistered shotgun with a less-than-eighteen-inch barrel, *see* 26 U.S.C. §§ 5841, 5861(d), 5871. In exchange for Brooks' guilty plea to the felon-in-possession charge, the government dropped the sawed-off shotgun charge. As a result of this same incident, state prosecutors filed state-law charges against Brooks. After a trial on these charges, a jury acquitted Brooks of two charges (aggravated kidnaping and aggravated rape) and convicted him of one (assault).

At sentencing on Brooks' federal charge, the court heard testimony from the victim of the crime, Marissa Robinson, who stated that, on the night of July 24, 2004, Brooks had abducted her at gunpoint and raped her in his car. Despite the state-court acquittals for aggravated kidnaping and aggravated rape, the district court concluded that Brooks had kidnaped and raped Robinson. Relying in part on this finding, the court determined that the relevant federal sentencing guidelines range would be 324–405 months. It then noted, however, that it could not impose a sentence higher than the congressional statutory maximum of 120 months for the possession offense and therefore imposed a ten-year sentence. 18 U.S.C. § 924(a)(2). Brooks appeals his sentence but does not challenge his underlying guilty plea.

## II.

Brooks first argues that the district court violated his Sixth Amendment right to a jury trial by relying upon acquitted conduct to increase his sentence. But this court recently rejected the same argument. "So long as the defendant receives a sentence at or below the statutory ceiling," we held, the district court does not violate a defendant's right to a jury trial by "looking to other facts, including acquitted conduct, when selecting a sentence within that statutory range." *United States v. White*, 551 F.3d 381, 385 (6th Cir. 2008) (en banc). In finding these sentencing facts using a preponderance-of-the-evidence standard, the district court acted consistently with these requirements. *See id.* at 385–86; *United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006).

In view of *White*, we need not address another issue lurking here: whether, even if the Sixth Amendment prohibited a federal sentencing judge from relying on conduct that formed the basis for a jury's acquittal in a *federal* criminal trial (the fact pattern in *White*), the same bar would extend to conduct underlying a *state-court* jury's acquittal (the fact pattern here). On the one hand, the dual-sovereign exception to the Fifth Amendment's Double Jeopardy Clause might suggest that a failed

state-court prosecution would have no impact on a later federal-sentencing proceeding. Under that doctrine, the federal government may try and convict a defendant of an offense in federal court even after he has been acquitted of the same conduct in a state-court criminal trial arising from a state government's criminal prosecution—and vice versa. *See Abbate v. United States*, 359 U.S. 187, 194–95 (1959); *United States v. Jackson*, 473 F.3d 660, 669 (6th Cir. 2007). On the other hand, were the Supreme Court to hold that federally acquitted conduct could not be considered in federal sentencing, its reasoning could extend to state-court acquittals as well. Given the existence of *White*, we leave the issue for another day.

In the alternative, Brooks argues that, even if the district court was allowed to consider acquitted conduct, there was insufficient evidence of the alleged abduction and rape to sustain the court's finding. We reverse such findings only if they are clearly erroneous, *United States v. Smith*, 549 F.3d 355, 361 (6th Cir. 2008), a standard Brooks has failed to meet. The victim gave a first-hand account of the abduction and rape. And a nurse trained in sexual forensic examinations testified that the victim's injuries to the soft pallette of her mouth and to her posterior fourchette were "consistent with rape." JA 71. Although Brooks insists that the sex was consensual and that Robinson's testimony was motivated by a desire to obtain compensation from him, the district court disbelieved him—a conclusion it could permissibly reach on this record, *see United States v. Hadley*, 431 F.3d 484, 514 (6th Cir. 2005).

Attempting to rebut the court's credibility finding, Brooks argues that the alleged rape was physically improbable because Robinson testified that it lasted for "two to three hours," JA 40, that it took place in the front seat of his car and that he kept the shotgun pointed at her at all times. But the victim also testified that she was not consulting her watch during the assault, and physical evidence backed up Robinson's testimony, leaving us with the conclusion that the district court did not clearly err in finding that what Robinson said happened did happen.

III.

For these reasons, we affirm.